# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA


KEITH ALLEN DREW,     )
#07522-003,          )
                        )    CIVIL ACTION NO. 9:09-853-TLW-BM
         Petitioner,  )
                        )
v.                     )    **REPORT AND RECOMMENDATION**
                        )
WARDEN J. OWENS, FCI   )
WILLIAMSBURG; and SHERIFF  )
CRAIG WEBRE, LAFOURCHE   )
PARISH, LOUISIANA SHERIFF,  )
                        )
        Respondents.  )
_____)

        Petitioner, an inmate at the FCI Williamsburg, has filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting claims relating to a detainer filed against him from Louisiana. The petition was filed on April 2, 2009, following which the Respondent Owens filed a Motion to Dismiss or, in the alternative, to Transfer on June 3, 2009.[1] As the Petitioner is proceeding <u>pro se</u>, a <u>Roseboro</u> order was entered by the Court on June 4, 2009, advising Petitioner of the importance of a dispositive motion and of the need for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case.

        Petitioner filed a response in opposition on June 26, 2009, following which Petitioner

---

[1]Respondent Webre has not been served.



also sent a letter regarding his case on August 5, 2009. On August 24, 2009, Petitioner filed a motion for a temporary injunction to prevent execution of the detainer.

This matter is now before the Court for disposition.[2]

## **Discussion**

The Federal Court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). However, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable claim. Cf. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Such is the case here.

The Petitioner was sentenced on November 18, 2008 to a 14-month term of imprisonment by the United States District Court for the Southern District of Alabama for a Supervised Release Violation. See Respondent's Exhibit 1 (Sentence Monitoring Computation Data].[3] Petitioner is currently incarcerated at FCI Williamsburg and has a projected release date of October 14, 2009, via Good Conduct Time (GCT) Release. Id. A detainer has been placed on the Petitioner by the Lafourche Parish (La.) Sheriff's Office. See Petitioner's Exhibit A. Petitioner

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 19.02(B)(2)(c), D.S.C. Respondent Owens has filed a motion to dismiss or, in the alternative, to transfer. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]The Petitioner had originally been sentenced on May 6, 2003 by the United States District Court for the Southern District of Alabama for the offense of Access Device Fraud (violation of 18 U.S.C. § 1029(a)(2)). See Respondent's Exhibit 1.



seeks the "discharge" of this detainer so that he can be released when his federal sentence expires.

Generally, the proper respondent in a § 2241 action is the warden of the institution where the Petitioner is confined. Rumsfeld v. Padilla, 542 U.S. 426, 433-436 (2004); Scott v. United States, 586 F.Supp. 66, 68 n. 1 (E.D.Va. 1984)(citing Copeland v. State of Mississippi, 415 F.Supp. 1271, 1272 n. 1 (N.D.Miss. 1976)). However, "the immediate physical custodian rule, by its terms, does not apply when a habeas petitioner challenges something other than his present physical confinement." Rumsfeld, 542 U.S. at 438. Here, Petitioner is not challenging his present physical federal confinement; rather, Petitioner is challenging a detainer that has been lodged against him and seeks to instead be released at the end of his federal prison term. The Respondent Owens, although Warden of the institution where Petitioner is being housed, is not the proper party to address this claim, for as he points out,

> [t]he practical difficulty is the fact that the Warden in the confining state, holding the prisoner under the detainer, owes the demanding state no duty to defend his authority. Norris [v. State of Georgia], 522 F.2d [1006], 1011 (4th Cir. 1975). While the Warden of the confining state is expected to notify the demanding state of the pendency of the action, he would not be expected to do more, for the action in every practical and substantive sense is one against the demanding state or its officials, none of whom is suable in his official capacity or subject to process in the confining state. [footnote omitted] Id. Thus, if the Court were to allow this case to proceed, Warden Owens would be forced to defend the validity of a detainer lodged by Louisiana authorities, under Louisiana law, in federal court in the state of South Carolina.

See Memorandum in Support of Motion to Dismiss, or in the alternative, to Transfer, pp. 6-7.

The Supreme Court has held that a prisoner in custody in one state on whom another state has placed a detainer may attack the interstate detainer by applying for federal habeas corpus. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 488-489 (1973). However, the Fourth Circuit has held that while a district court in the confining state may adjudge the validity of

3



the underlying charges as they form a basis for the conditions of confinement, it may not assess the validity of the charges themselves as a basis for prosecution in the foreign state.

> A fundamental distinction exists between an attack on the Validity of a detainer on speedy trial grounds and an attack on the Effect of a detainer on speedy trial grounds. The former is an assault on the detainer's underlying criminal charges or conviction while the latter deals with the adverse impact . . . on the prisoner as a result of the filing of the detainer. The validity of the detainer addresses itself to matters of concern in the demanding state; the effect given to a detainer addresses itself to matters of concern in the confining state. This difference has long served as justification for courts to develop special procedures for dealing with prisoner challenges to the validity of a detainer as contradistinguished to an attack on the detainer's adverse effect.

Norris, 522 F.2d at 1011-12.

Here, Petitioner is challenging the validity of the Louisiana detainer itself; not the alleged effect of the detainer on his present confinement.[4] Although Petitioner attempts to recast his claim in his memorandum in opposition and his motion for injunctive relief as a challenge to the District of South Carolina's ability to turn him over to Louisiana authorities for extradition without a hearing prior to his extradition, it is obvious from his assertions that he is in fact continuing to challenge the validity of the detainer itself and the underlying charges on which it is based. See Petitioner's Memorandum in Opposition, pp.1-2, 4, 7-8, 16; see also Motion for Injunctive Relief, p. 3. Further, to the extent that Petitioner is attempting to assert a right to a hearing under the Uniform Criminal Extradition Act ("UCEA") and the Constitution; [See Petitioner's Memorandum in Reply, p. 2]; he faces the same problem as the Plaintiff in Lynch v. Menifee, No. 02-5219, 2004

---

[4]See Petition, p. 7 ["[Petitioner] is challenging the validity of the detainer issued by Sheriff Webre, LaFourche Parish, Louisiana. The detainer is unconstitutional and does not meet the statutory requirements. [Petitioner] does not challenge . . . The effect which the Williamsburg prison officials are giving the detainer . . . "].

4



WL 1738888 (S.D.N.Y. Aug. 4, 2004), where it was noted that

> [t]he United States . . . is not a signatory to the UCEA, App. I Unif. Crim. Extradition Action § 1 (listing "jurisdictions wherein [UCEA] has been adopted"); <u>see</u>, <u>e.g.</u>, <u>Mann v. Warden of Eglin Air Force Base</u>, 771 F.2d 1453, 1454 (11th Cir. 1985)("[T]he United States has not adopted" the Uniform Criminal Extradition Act), <u>cert</u>. <u>denied</u>, 475 U.S. 1017 (186); <u>Wilson v. Fenton</u>, 684 F.2d 249, 252 (3d Cir. 1982)("[T]he United States is not a party to the Uniform Criminal Extradition Act, so that whatever protections are afforded under the Act could not be applied to [Petitioner], a federal prisoner.").

<u>Lynch</u>, 2004 WL 1738888 at * 7.

As was the case with the Plaintiff in <u>Lynch</u>, the Petitioner in this case "cites no other constitutional or statutory provisions that might entitle a federal prisoner to a judicial hearing prior to being transferred to state custody." <u>Lynch</u>, 2004 WL 1738888 at * 7; <u>cf</u>. <u>Sorenson v. United States</u>, 539 F.Supp. 865, 866 (S.D.N.Y. 1982); <u>Ray v. Simon</u>, No. 07-1143, 2008 WL 5412067 at *12 (D.S.C. Dec. 24, 2008). Accordingly, Petitioner's argument that his case should not be transferred to Louisiana because he is entitled to a pretransfer hearing (which should be ordered by this Court) is not a valid basis for this Court to retain jurisdiction over this case.

In sum, the appropriate forum for Petitioner to challenge the validity of Louisiana's pending charges is the federal district court of the demanding state. <u>Norris</u>, 522 F.2d at 1013. Thus, the appropriate forum for Petitioner to challenge the validity of the detainer is the United States District Court for the Eastern District of Louisiana.

### <u>Conclusion</u>

Title 28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Based on the foregoing, it is recommended that the United States District Court for the District of South Carolina transfer this case to the United States



District Court for the Eastern District of Louisiana. If this recommendation to transfer this case is accepted, the United States District Court for the Eastern District of Louisiana would be free to determine the procedural and substantive merits of the Petition.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Charleston, South Carolina

September 1, 2009

6



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 2940

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

